Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2105 | **DATE** | 3/29/2002 |
| **CASE TITLE** | Rick Jackson vs. Ironworkers Local 63 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny plaintiff's application to proceed informa pauperis and dismiss the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 29 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | MAR 29 2002 date mailed notice | |
| WAH | courtroom deputy's initials | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 2105 |
| v. ) | |
| ) | Honorable James B. Moran |
| Ironworkers Local 63 ) | |
| ) | |
| Defendant. ) | |

DOCKETED
MAR 29 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Rick Jackson brings this action under the Fair Labor Standards Act against Ironworkers Local 63. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied and his complaint is dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. The application here indicates that plaintiff has not been employed since August of last year. He has received unemployment, but this appears to have been his only income. Plaintiff did not fully complete his application, so we do not know if he has any savings or other property.

Even if plaintiff's indigency was clear, however, our inquiry would not be over. Under section 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that: the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious, and the defendant is not immune from the

claims. Our only inquiry, then, is whether plaintiff has properly stated a claim. We apply the same standards as if this were an ordinary dismissal under Fed. R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. 201, *et al* and alleges an unfair employment practice. Plaintiff's complaint consists of a recitation of communications he had with the National Labor Relations Board spurred by his filing of a complaint with the NLRB against defendant Ironworkers Local 63. Plaintiff does not detail any wrongdoing by defendant or ask for any remedies.

Plaintiff appears *pro se*, and accordingly we construe his pleadings liberally. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). Plaintiff has attached two letters to his complaint from the NLRB Office of Appeals. In those letters, there is reference to allegations that the Union failed to refer the plaintiff for jobs because he was not a Union member. We assume for purposes of this petition that plaintiff claims he was discriminated against by the defendant based on his non-union status. There is also reference to a prior case, and an assurance from the NLRB that the prior case did not affect their current decision to refuse to issue a complaint on plaintiff's behalf. Since the NLRB is not named as a defendant in this case, we will not address the allegation of prejudice implied in the NLRB's letter.

We can find no violation of the Fair Labor Standards Act stated anywhere in plaintiff's filings. More appropriate to what we assume is plaintiff's situation is the National Labor Relations Act, 29 U.S.C. 151, *et al*. The Seventh Circuit has found that "the discrimination against an employee in the operation of a referral system by refusing to refer and failing to include the employee on a hiring list constitutes coercive conduct within the meaning of Section

2

8(b)(1)(A)." National Labor Relations Board v. Local 90, Operative Plasterers and Cement Masons' International Association of the U.S. and Canada, AFL-CIO, 606 F.2d 189, 191 (7th Cir. 1979) *citing* 365 U.S. 661 (1961); *accord* Plumbers and Pipe Fitters Local Unioin No. 32 v. National Labor Relations Board, 50 F.3d 29, 34 (U.S.App.D.C. 1995) ("When a union operates a hiring and assumes the dual role of employer and representative, its obligation to deal fairly extends to all users of the hiring hall, not simply to its members or those that it represents.")

On the basis of the limited information provided by this plaintiff, it appears that he is complaining of a breach of the duty of fair representation, an unfair labor practice within the exclusive jurisdiction of the National Labor Relations Board. Finding no other claim, we deny plaintiff's application to proceed *in forma pauperis* and dismiss his complaint.

                                                               */s/ James B. Moran*
                                                          JAMES B. MORAN
                                               Senior Judge U.S. District Court

Date:  March 29, 2002